Estate of Feiereisen : Fellenz, Executor, Appellant, vs. Steier, Administrator, Respondent. [Two cases.]

*December 4, 1952—January 6, 1953.*

For the appellant there was a brief and oral argument by *Louis J. Fellenz, Jr.,* of Fond du Lac, *in pro. per.*

For the respondent there was a brief and oral argument by *Roy W. Thiel* of Fond du Lac.

BROWN, J. Appellant submits that *Goff v. Yauman* (1941), 237 Wis. 643, 298 N. W. 179, is bad law and should not be extended beyond the facts present in that case. There the issue was whether the lien was enforceable after the death of the joint tenant against whose property interest it was filed. We held that it could be enforced because by the joint tenant's voluntary act, subjecting the land to the lien, the joint tenancy

was severed and a tenancy in common resulted; and the lien against the undivided interest of a tenant in common was unimpaired by such tenant's death. Appellant points out that without violence to much that is said in the opinion we could have held the Goff lien enforceable by construing sec. 49.26 (4), Stats., to provide that the application for old-age assistance and the filing of the lien had no effect whatever upon the survivorship features of joint tenancy except to subject the property passing to the survivor to the lien claim incurred by the deceased.

If we might have construed the statute thus, it is certain that we did not do so. Our reason for the result in that case was given at page 651:

"In applying for and accepting the assistance, under the law which provided for the granting thereof upon the conditions that would operate to sever the tenancy, *she terminated the tenancy by her own voluntary acts and was doing nothing more than what she had the right to do; . . .*" (Emphasis supplied.)

*Goff v. Yauman, supra,* is cited as authority for this specific proposition by 48 C. J. S., Joint Tenancy, p. 927, sec. 4, note 75 and note 79, and by the Minnesota supreme court in *Gau v. Hyland* (1950), 230 Minn. 235, 41 N. W. (2d) 444, in construing a similar statute. (The Minnesota court disapproved the *Goff Case* both in reasoning and result and held that the lien neither affected the joint tenancy nor survived the joint tenant who had incurred the lien.)

The attorney general of Wisconsin has relied on the *Goff Case* in advising state officials "that the lien of the county under sec. 49.26 defeated the right of survivorship in property held in joint ownership." 40 Op. Atty. Gen. 253, 255. We have no doubt that county courts of this state have assigned much real estate in probate proceedings in accordance with this accepted understanding of the *Goff* decision as did the learned trial court in the present proceeding. Even

if we believed now that our construction of the 1941 version of sec. 49.26, Stats., was mistaken we could not accept appellant's invitation to reverse that construction because of the effect upon the titles of those who have relied upon it.

In 1945 the legislature amended the statute to provide:

". . . Such lien shall not sever a joint tenancy nor affect the right of survivorship except that the lien shall be enforceable to the extent that the beneficiary had an interest prior to his decease. . . ." Sec. 49.26 (5), Stats.

We do not consider that we misconstrued the language of the earlier statute though we may have misunderstood the legislative intent which the amendment has now clearly expressed. However that may be, we conclude that harm rather than good would result from presently changing a construction of the pre-1945 statute which has been relied and acted upon since the decision of *Goff v. Yauman, supra,* in 1941.

*By the Court.*—Judgment affirmed.